UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
03 JUN 25 PM 3:58
U.S. ...
N.D. OF ALABAMA

| | | |
|---|---|---|
| DELYNN MORING ZELL and<br>SCOTT LEGRAND MULLINS, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| vs. | ) | Civil Action No. CV-03-S-0633-S |
| AMERICAN GUARANTEE AND<br>LIABILITY INSURANCE COMPANY, | )<br>)<br>)<br>) | |
| Defendant. | ) | |

ENTERED
JUN 2 5 2003

## MEMORANDUM OPINION

This action is before the court on the motion to remand filed by plaintiffs, Delynn Moring Zell and Scott Legrand Mullins. This action was commenced in the Circuit Court of Jefferson County, Alabama, on February 14, 2003, and removed to this court on March, 19, 2003. Plaintiffs seek a declaratory judgment stating that, under the terms of an errors and omissions liability insurance policy insured by defendant, American Guarantee and Liability Insurance Company, defendant's indemnity and defense obligations are not limited as a result of plaintiffs' refusal to consent to defendant's proposed settlement of a claim against them.[1]

The claim against plaintiffs, from which a duty on the part of defendant to indemnify and defend them may arise, exists in an arbitration proceeding in which plaintiffs are respondents.[2] This proceeding is captioned *Catherine Forsythe, Choice Plus v. First Financial Group of the South, et al.,* and it is pending before NASD Dispute Resolution, Inc.[3] In that proceeding, Forsythe claims compensatory damages of $150,000, a like amount in punitive damages, attorney's fees, and other

---

[1] *See* Notice of Removal (doc. no. 1), Ex. A (Complaint) ¶ 16.
[2] *Id.* ¶ 13.
[3] *Id.* ¶ 13.

case-related expenses.[4] Defendant contends that this court has jurisdiction under 28 U.S.C. § 1332(a)(1), because defendant is a corporation organized under the laws of the State of New York, which also has its principal place of business in that state, and, the amount in controversy exceeds $75,000, exclusive of interest and costs.

Upon consideration of the motion to remand and defendant's response, the court concludes the motion should be denied.

Federal courts are courts of limited jurisdiction. *E.g., Kokkonen v. Guardian Life Insurance Company of America,* 511 U.S. 375, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994); *Burns v. Windsor Insurance Co.,* 31 F.3d 1092 (11th Cir. 1994). Stated differently, federal courts have the power to hear only those cases authorized by Congress or the Constitution, and "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen,* 511 U.S. at 377, 114 S. Ct. at 1675 (citation omitted); *see also Burns*, 31 F.3d at 1095 (holding that, when deciding a motion to remand, questions or doubts are to be resolved in favor of returning the matter to state court). Any civil action commenced in a state court, including a declaratory judgment proceeding, may be removed to a federal forum, provided the district court has original jurisdiction of the controversy. *See* 28 U.S.C. § 1441.

In order for this court to acquire diversity jurisdiction, there must be both complete diversity of citizenship and a statutorily-prescribed, minimum amount in controversy. 28 U.S.C. § 1332. "[W]hen Congress created lower federal courts, it limited their diversity jurisdiction to cases in which there was a minimum monetary amount in controversy between the parties." *Smith v. GTE Corp.,* 236 F.3d 1292, 1299-1300 (11th Cir. 2001) (citing *Synder v. Harris* 394 U.S. 332, 89 S. Ct.

---

[4] *See* Notice of Removal (doc. no. 1), Ex. C (Statement of Claim) ¶ 14.

1053, 1056, 22 L. Ed. 2d. 319 (1969). The current monetary threshold for diversity jurisdiction, excluding interests and costs, is $75,000. 28 U.S.C. § 1332.

It is well established that the burden of proving the validity of federal jurisdiction rests upon the removing party. *See Leonard v. Enterprise Rent A Car*, 279 F.3d 967, 972 (11th Cir. 2002) (when a plaintiff fails to specify the precise amount of damages demanded in a state court complaint, the removing defendant must prove the amount in controversy satisfies the statutory minimum by a preponderance of the evidence); *see also Federated Mutual Insurance Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003) (citing *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356-57 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.* 204 F.3d 1069, 1072-77 (11th Cir. 2000)). "A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden." *Williams v. Best Buy Co. Inc.*, 269 F.3d 1316, 1319-20 (11th Cir. 2001).

While it is conceded that the parties are diverse in their citizenship, plaintiffs argue that defendant has failed to show that the amount in controversy exceeds $75,000.[5] "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of litigation." *Hunt v. Washington State Apple Advertising Com'n*, 432 U.S. 333, 347, 97 S. Ct. 2434, 2443, 53 L. Ed. 2d 383 (1977) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 181 (1936)); *see also Leonard,* 279 F.3d at 973; *Hartford Insurance Group v. Lou-Con Inc.*, 293 F.3d 908, 910-12 (5th Cir. 2002) (holding in a suit for declaratory judgment involving duty to indemnify that amount in controversy, for purposes of

---

[5] *See* Motion to Remand (doc. no. 6) at 3.

3

establishing diversity jurisdiction, is the value of the insured's underlying claim, not the policy limit).

When determining the value of the object of litigation in removal cases seeking either injunctive or declaratory relief, the Eleventh Circuit has examined the monetary consequences of granting the particular relief sought. If that analysis reveals an amount sufficient to satisfy the statutory requirement, then the court will assume jurisdiction and consider the merits of the claim. If analysis reveals that the monetary consequence of granting the relief sought does not satisfy the amount in controversy requirement, however, or that the value of such relief is too speculative, then jurisdiction does not attach. *See Cohen v. Office Depot,* 204 F.3d at 1077-79 (diversity jurisdiction did not exist where monetary value which would flow to the plaintiff class as a result of granting injunctive relief was either nonexistent, or too speculative to satisfy amount in controversy requirement); *see also Ericsson GE Mobile Communications, Inc. v. Motorola Communications & Electronics, Inc.,* 120 F.3d 216, 221-22 (11th Cir. 1997) (where monetary benefit from injunction was too speculative, diversity jurisdiction did not exist).

Here, defendant satisfies its burden by offering the statement of claim from the underlying arbitration proceeding, in which the claimant seeks damages from the plaintiffs in this action which exceed, in the aggregate, $300,000.[6] Thus, the value of the declaratory relief sought by plaintiffs in this proceeding — the difference between the settlement proposed by defendant, but rejected by plaintiffs ($25,000),[7] and, the amount of damages claimed in the underlying arbitration proceeding (more than $300,000)[8] — well exceeds the jurisdictional requirement. Accordingly, the motion to remand is due to be denied.

---

[6] *See* Notice of Removal (doc. no. 1), Ex. C (Statement of Claim) ¶ 14.

[7] *Id..*, Ex. A (Complaint) ¶ 13.

[8] *Id..*, Ex. C (Statement of Claim) ¶ 14.

An appropriate order consistent with this memorandum opinion will be entered contemporaneously herewith.

Done this **24th** day of June, 2003.

_____
United States District Judge[9]

---

[9] The court expresses appreciation to its summer Intern, George W. Royer, III, a rising second-year student at the University of Alabama School of Law, for his assistance in the preparation of this opinion.